O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES, | ) Case No. EDCV 11-1109-CJC (DTB) |
| Petitioner, | ) |
| vs. | ) ORDER RE SUMMARY DISMISSAL ) OF ACTION |
| WARDEN CASH, et al., | ) |
| Respondents. | ) |

Petitioner, a California state prisoner currently incarcerated at California State Prison, County of Los Angeles, in Lancaster, California, purported to file a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. section 2241 herein on July 14, 2011.

The Court notes that petitioner has previously filed three habeas petitions, each of which has been dismissed for failure to state a claim. Petitioner's three prior habeas petitions alleged facts relating to the conditions of his confinement, rather attacking petitioner's underlying judgment of conviction. Petitioner has now filed a fourth habeas petition in which he again appears to challenge the conditions of his confinement rather than his underlying judgment of conviction.

The Petition is handwritten, single spaced and difficult to comprehend. As best the Court can glean from the Petition, petitioner is claiming that respondents refuse

| | |
|---|---|
| 1 | to send out his legal mail to the Court; that his legal mail has been held for 8 days; that |
| 2 | he has been refused access to the yard, refused permission to make a telephone call |
| 3 | and refused access to the law library; and that respondents refuse to answer a 602 |
| 4 | appeal he recently filed. (Petition at 3-4.) |
| 5 | Claims such as these which are directed to the conditions of a petitioner's |
| 6 | confinement may not properly be asserted in a habeas petition, or as part of a habeas |
| 7 | petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498- |
| 8 | 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted |
| 9 | in a separate civil rights action. The Court does have discretion to construe |
| 10 | petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, |
| 11 | 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d |
| 12 | 728, 729 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise |
| 13 | such discretion, as petitioner has failed to make an adequate showing of indigency. |
| 14 | The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) |
| 15 | amended 28 U.S.C. § 1915 to provide, inter alia, that all prisoners who file civil |
| 16 | actions must pay the full amount of the filing fee and that any prisoner seeking to file |
| 17 | a complaint in a civil action without prepayment of fees must submit a completed |
| 18 | Declaration in Support of Request to Proceed In Forma Pauperis. In addition, |
| 19 | prisoners must submit a certified copy of their prison trust fund account statement for |
| 20 | the 6-month period immediately preceding the filing of his/her complaint, obtained |
| 21 | from the appropriate official of the prison at which the prisoner is confined. See 28 |
| 22 | U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his Petition |
| 23 | for filing, he failed to submit a certified copy of his trust account statement for the last |
| 24 | six months. |
| 25 | Moreover, as the current action was not submitted on a civil rights complaint |
| 26 | form, certain critical information, such as the capacity in which the defendants are |
| 27 | named, is lacking. |
| 28 | / / / |

1 | Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
2 | States District Courts, IT THEREFORE IS ORDERED that this action be summarily
3 | dismissed without prejudice.  The Clerk is directed to send petitioner a blank Central
4 | District civil rights complaint form, which petitioner is encouraged to utilize should
5 | he desire to pursue this action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:     July 27, 2011

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge